# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROBERT ROSS, | DOCKET NUMBER |
|          Appellant, | DA-0752-15-0521-I-1 |
|      v. | |
| DEPARTMENT OF HOMELAND | DATE: June 24, 2016 |
|   SECURITY, | |
|          Agency. | |

## THIS ORDER IS NONPRECEDENTIAL[1]

Robert Ross, Crossroads, Texas, pro se.

Melissa Pleasant, Baton Rouge, Louisiana, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed as settled his appeal of a 30-day suspension.  For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2        The agency issued a July 7, 2015 decision to suspend the appellant for 30 days based on a charge of willful misuse of a Government vehicle for nonofficial purposes in violation of 31 U.S.C. § 1349(b), and the appellant filed an appeal with the Board.  Initial Appeal File (IAF), Tab 1, Tab 8 at 21.  During the proceedings before the Board, the parties executed a settlement agreement. IAF, Tab 24.  Under the terms of the parties' settlement agreement, the agency agreed to rescind the 30-day suspension imposed in the July 7, 2015 decision letter and replace it with a 5-day suspension.  IAF, Tab 8 at 21, Tab 24 at 4-5. The appellant, in turn, agreed to withdraw his Board appeal and his equal employment opportunity complaints against the agency and to "resolve all employment disputes, whether filed or not, through the effective date of the settlement agreement."  IAF, Tab 24 at 4-5.

¶3        The administrative judge found that the agreement was lawful on its face, that the parties freely entered into it, and that they understood the terms.  IAF, Tab 25, Initial Decision at 1.   Having approved the parties' agreement, the administrative judge dismissed the appeal as settled and entered the agreement into the record for enforcement purposes.  *Id.*

¶4        The appellant has filed a petition for review arguing that the settlement agreement should be set aside because of mutual mistake or deception based on his disagreement with the agency's interpretation and application of Paragraph III.C of the agreement.  Petition for Review (PFR) File, Tab 1 at 4.[2] The agency has responded in opposition.  PFR File, Tab 4.

¶5        We find it unnecessary to consider the appellant's contention, however, because, as discussed below, the settlement agreement must be set aside because it is not lawful on its face.

---

[2] Paragraph III.C of the agreement provides that the appellant could either take leave without pay or use accrued annual leave from July 20 to August 7, 2015.  IAF, Tab 24 at 6.

¶6 Under 31 U.S.C. § 1349(b), the agency is required to impose a penalty of no less than a 1-month suspension for the appellant's offense of willfully using a Government vehicle for other than official purposes.[3] *Social Security Administration v. Givens*, 27 M.S.P.R. 360, 362 n.2. (1985). The settlement agreement does not rescind the charge of willful misuse of a Government vehicle for nonofficial purposes in violation of 31 U.S.C. § 1349(b). Because the statute imposes a mandatory minimum penalty for the appellant's offense, the agency could not lawfully agree to reduce the penalty for the charged offense below a 30-day suspension. *Fields v. Veterans Administration*, 21 M.S.P.R. 176, 177 (1984); *see Farrell v. Department of the Interior*, 86 M.S.P.R. 384, ¶ 8 (2000) (holding that an agency may not lawfully undertake in a settlement agreement to provide an appellant with benefits that the agency lacks authority to provide). Thus, the settlement agreement was not lawful on its face.

¶7 A settlement agreement must be set aside if it is tainted with invalidity either by fraud practiced upon a party or by a mutual mistake under which both parties acted. *Fields*, 86 M.S.P.R. 384, ¶ 8. Under the circumstances, we find that both parties acted under a mutual mistake as to the lawfulness of agency's agreement to suspend the appellant for less than 1 month for the sustained offense, that the mistake concerned a material provision of the agreement, and that the agreement must be set aside. *Id.*, ¶ 12; *Stipp v. Department of the Army*, 61 M.S.P.R. 415, 419-20 (1994) (setting aside a settlement agreement due to mutual mistake as to the lawfulness of a material provision).

---

[3] The statute states, in pertinent part, that:

> An officer or employee who willfully uses or authorizes the use of a passenger motor vehicle or aircraft owned or leased by the United States Government (except for an official purpose authorized by section 1344 of this title) or otherwise violates section 1344 shall be suspended without pay by the head of the agency. The officer or employee shall be suspended for at least one month, and when circumstances warrant, for a longer period or summarily removed from office.

31 U.S.C. § 1349(b).

¶8      Accordingly, we vacate the initial decision dismissing this appeal as settled, and we remand the case to the Dallas Regional Office for reinstatement of the appeal.[4]

**ORDER**

¶9      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:             _____
                                     William D. Spencer
                                     Clerk of the Board

Washington, D.C.

---

[4] On remand, the parties are not precluded from further attempting to settle this appeal.